UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: Chad James Christensen and Katherine Hill Christensen,<br><br>Debtors.<br><br>———<br><br>TIMOTHY R. KURTZ, solely in his capacity as Chapter 7 Trustee for the above-referenced bankruptcy estate,<br><br>    Plaintiff,<br><br>    v.<br><br>ANGEL RAMIREZ FRAMING, LLC, an Idaho limited liability company,<br><br>    Defendant. | Case No. 1:23-cv-00471-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. BACKGROUND

Pending before the Court is Defendant's Motion to Withdraw Reference to the Bankruptcy Court of Defendant Angel Ramirez Framing, LLC. (Dkt. 1). Plaintiff filed this adversary proceeding under state and federal law, alleging a fraudulent conveyance claim and a claim seeking a declaratory ruling that Defendant's mechanic's lien was unperfected or otherwise invalid. Defendant filed an amended answer, asserting that neither claim was a core proceeding, demanding a jury trial, and declining to consent to the Bankruptcy Court entering final judgment. The Bankruptcy Court ordered Defendant to file a motion to withdraw the reference under 28 U.S.C. § 157(d); Defendant filed that motion; and Plaintiff objected to the motion. Defendant repeatedly

filed a motion to extend the deadline to reply in support of the motion to withdraw the reference, but ultimately it never filed a reply.

Because the deadline for Defendant's reply has passed, the motion is ripe for the Court's review. Having reviewed the record and the parties' submissions, the Court finds that the issues are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The Court grants the motion.

## II. LEGAL STANDARD

Federal district courts have original jurisdiction over cases arising under the Bankruptcy Code. 28 U.S.C. § 1334(a). This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters to the District of Idaho's bankruptcy judges. *See Third Amended General Order,* Apr. 24, 1995. Nevertheless, under 28 U.S.C. § 157, this reference is subject to mandatory or permissive withdrawal, depending on the circumstances. *See* 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.").

The statute does not specify what is necessary to show "cause," but courts have identified a variety of factors that may be considered, including: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) prevention of forum shopping; and (5) other related factors. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). "Other related factors" include whether the issues are core or noncore proceedings and the right to a jury trial. *See Rosenberg v. Harvey A. Bookstein*, 479 B.R. 584, 587 (D. Nev. 2012).

### III. ANALYSIS

In this case, the one relevant factor is a "related factor"—the right to a jury trial. A noncreditor—like Defendant here—"retains a Seventh Amendment right to a jury trial on a bankruptcy trustee's fraudulent conveyance claim." *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 562 (9th Cir. 2012), *aff'd* 573 U.S. 25 (2014). Section 157 permits the Bankruptcy Court to adjudicate a claim to final judgment in either core proceedings or in noncore proceedings if all parties consent to the proceeding. 28 U.S.C. §§ 157(b), (c)(2). Although § 157 refers to a fraudulent conveyance claim as core proceedings, 28 U.S.C. § 157(b)(2)(H), the Supreme Court has expressly held that "Article III does not permit a bankruptcy court to enter final judgment on a fraudulent conveyance claim against a noncreditor unless the parties consent." *Exec. Benefits Ins. Agency v. Arkinson*, 573 U.S. 25, 30 (2014). If a party has not consented to the Bankruptcy Court's final adjudication of a fraudulent conveyance claim, then the Bankruptcy Court must propose findings of fact and conclusions of law, which the District Court must then review de novo before entering final judgment. *Id.* at 34.

Here, Plaintiff has consented to the Bankruptcy Court entering final judgment, but Defendant has not consented and retains his right to a jury trial. Because any decision by the Bankruptcy Court will be subject to de novo review, this Court finds good cause exists to withdraw the reference. *See, e.g.*, *In re Gray,* No. 1:22-MC-00080-DCN, 2022 WL 2238795 at *3 (D. Idaho June 6, 2022) (finding cause to withdraw reference).

## IV. ORDER

IT IS HEREBY ORDERED:

1. Defendant's Motion to Withdraw Reference (Dkt. 1) is GRANTED.

DATED: May 07, 2024

Amanda K. Brailsford
U.S. District Court Judge